CHURCH v. THE BALTIMORE & OHIO RD. CO.

*Railroads — Duty to maintain fences — Section 8913, General Code — Liability for damages resulting from failure to maintain — Limited to injury or loss on right of way.*

Where a railroad company neglects or refuses to construct and maintain fences along its right of way, under Section 8913, General Code, its liability to respond in damages is limited to such loss or injuries as occur upon its right of way, and not elsewhere, and an adjoining landowner can not recover the cost of herding his cattle or other animals upon abutting pasture lands, where such company has neglected or refused to fence its right of way along the same; nor can he recover for loss of profits from dairy cows by reason of their not being permitted to remain in such abutting pasture lands during the night season.

(Decided September 27, 1918.)

ERROR: Court of Appeals for Trumbull county.

*Mr. William L. Countryman,* for plaintiff in error.

*Messrs. Hine, Kennedy, Manchester & Conroy* and *Messrs. Fillius & Fillius,* for defendant in error.

FARR, J. Church, plaintiff in error, was plaintiff below, and brought suit in the court of common pleas of Trumbull county to recover against the defendant company on two causes of action: the first, for the alleged failure to construct and maintain in good repair fences on either side of its right of way through certain premises occupied by him for dairy purposes in said county, and upon which right of way two tracts of pasture lands abutted, containing sixty and eighty acres, respectively, by reason of which failure he was

required to have his thirty-one head of dairy cows herded or "watched" on said eighty-acre tract of said pasture lands, and away from defendant's tracks, for one and one-half seasons, at an expenditure of five hundred and forty dollars, for which he asks judgment; the second, for failure to fence said right of way, as required by law, where it is alleged that said sixty-acre tract of pasture lands abuts the same, and which Church claimed he used as a close for his dairy cattle during the night season, by reason of which failure he was required to stable said cattle at night, which he claimed resulted in a lessened quantity of milk given by said cows, to his damage in the sum of one thousand one hundred and seventy-seven dollars, for which judgment is claimed.

A demurrer was filed to the petition, which demurrer was sustained, and the plaintiff, not desiring to plead further, prosecutes error in this court.

The issue raised here, therefore, is whether the failure of the railway company to maintain along its right of way fences sufficient to turn stock renders it liable upon the causes of action set out in the petition. A railway company was not required at common law to fence its right of way; such obligation is therefore statutory, and in Ohio is created by Section 8913, General Code, which provides, among other things, that a person or company having control or management of a railroad shall construct and maintain in good repair on each side of such road, along the line of its right of way, a fence sufficient to turn stock. Said statute is in the nature of a police regulation

and was enacted primarily in the interest and for the welfare of the traveling public. As the number of railroads grew in this state, travel over them increased, likewise the dangers imminent to collisions of passenger trains with live stock; therefore, the legislature, partly at least from considerations of public policy, passed the initial act March 25, 1859 (56 O. L., 62), entitled "An act providing for enclosing railroads by fences and cattle guards," in the first section of which the legislative intent is disclosed as follows: "To prevent cattle and other animals from endangering themselves and the lives of passengers by getting upon such railroad." The foregoing fully discloses the primary purpose of said statute, and further comment is therefore unnecessary.

It is provided by Section 8916, General Code, that if such company or person neglects or refuses to construct a fence, as required in said Section 8913, General Code, the owner of such lands may construct the same, render an itemized account therefor, which, if payment is not made, may be enforced by suit after thirty days. Therefore, if a railroad company neglects or refuses to fence its tracks, as required, the abutting landowner has the alternative right to do it himself and require compensation from such company.

In the case at bar Church had a right to use his abutting pasture lands for grazing purposes, regardless of the fact that the company neglected or refused to construct or suitably repair and maintain the fences along its right of way. He might very properly have permitted his cattle to be upon said lands without herding them away

from the railroad, and if they went upon the tracks, and damages resulted, he could not be charged with contributory negligence (*P., C. & St. L. Ry. Co.* v. *Smith,* 38 Ohio St., 410, and *C., C., C. & I. Rd. Co.* v. *Scudder,* 40 Ohio St., 173), and the company would be liable for any loss so sustained. It was not the legislative intent that a landowner abandon the use of his fields because a railroad company neglected to perform a duty enjoined by statute. If, however, a landowner should prefer not to exercise such right, he may protect his stock from injury by constructing the necessary fences himself and recover compensation therefor. He must, however, if the company neglects or refuses to fence, as in the statute provided, elect to use his abutting lands uninclosed as to such right of way, placing the responsibility for any injury upon the company, or do the fencing himself and recover compensation.

He can not, however, refuse to do either and still require the company to keep his cattle and other animals safe. As above observed, the primary purpose of the statute is to prevent injuries to cattle and other animals upon railroad tracks, thereby "endangering the lives of passengers" on railway trains. The statute therefore relates solely to injuries upon such tracks.

In the instant case Church sustained no loss from injuries to his cattle on the tracks of defendant company; he might never have sustained any by permitting his cattle to graze unherded on his abutting pasture lands. To hold that he would have, had his cattle not been herded, is to "guess" that he might or would have been injured. The

duty imposed upon a railroad company of excluding stock from its tracks or right of way is *only* for the purpose of preventing injury or damages thereon, and not elsewhere, and to hold otherwise would be to impose a greater burden on a railroad company than was contemplated by said statute or than could be justified in reason.

It is urged that said Section 8913, General Code, is mandatory. If indeed it be so, the penalty for the disobedience of its mandate is that an offending railway company respond in damages for any loss sustained from injuries resulting by reason thereof. Where? On abutting lands, in the surrounding fields? Scarcely so; but on its right of way or tracks, when its failure to fence was the proximate cause of such loss.

The issue under discussion here is practically determined in *The Hocking Valley Ry. Co.* v. *Phillips,* 81 Ohio St., 453, as follows:

"The liability of a railroad company, under Section 3324, Revised Statutes, to respond in damages for injuries to stock in consequence of its neglect to construct and maintain a sufficient fence on each side of its road, is limited to loss or injuries occurring upon its own right of way."

The foregoing is somewhat different from the instant case as to facts, but the principle announced is fully in point. Section 3324, Revised Statutes, is now Section 8913, General Code, and holding practically to the same effect as the above case is *Millhouse* v. *The Railway Company,* 7 C. C., 466, 467, both of which are well in point with the case at bar.

Another objection that might well have been urged to both causes of action is that the claims made are so remote and uncertain in character as to not warrant a recovery, and, while the objection applies to both, it is especially true as to the second cause of action in which damages are claimed for loss in the quantity of milk given by the dairy cows. The cases of *Gaar, Scoot & Company* v. *Snook,* 1 C. C., 259, and *Rhodes* v. *Baird,* 16 Ohio St., 573, are determinative of this issue. In view of all the foregoing the conclusion is that the judgment of the court below is right, and it is therefore affirmed.

*Judgment affirmed.*

POLLOCK and METCALFE, JJ., concur.